FILED

2010 DEC -9 PM 2: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CARL S. GRIFFIN<br><br>Plaintiff,<br><br>v.<br><br>I. C. SYSTEM, INC.<br><br>Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* and the Florida Consumer Collections Practices Act § 559.55 *et seq.* (hereafter the "FCCPA") and state law claims.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Carl S. Griffin is an adult individual residing at 1262 Shady Pine Lane, Titusville, Florida 32796.

5. Defendant I. C. System, Inc. is a business entity with its principal office located at 444 East Highway 96, St. Paul, Minnesota 55127. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt owed by Carl F. Griffin whom Plaintiff does not know and is of no relation to Plaintiff (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto and relevant hereto, Plaintiff did not owe the debt to Defendant and has never owed a debt to Defendant.

9. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. In or around July 2010, Defendant began contacting Plaintiff on his cellular telephone in attempting to collect the debt. Plaintiff advised Defendant's representative that he was not the person who owed the debt and requested that Defendant cease contacting him.

11. Notwithstanding the above, Defendant continued to contact Plaintiff on his cellular telephone about two times per week thereafter through October 2010 including but not limited to calls on October 3, 2010 and October 4, 2010. Plaintiff repeatedly

advised Defendant during many of these calls that he was not the person that owed the debt and to cease contacting him.

12. By way of example, on or about October 3, 2010, Defendant contacted Plaintiff wherein Plaintiff advised Defendant that he again, was not "Carl F. Griffin" and to cease contacting him.

13. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor for the purpose of acquiring anything other than the location information of the debtor.

14. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor on more than one occasion.

15. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

19. Defendant knew or should have known that their actions violated the FDCPA and TCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26.  The above contact between Defendant and Plaintiff was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27.  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(10), and 1692f as evidenced by the following conduct:

    (a)  Communicating with any other person than the debtor for the purpose of acquiring anything other than the location information of the debtor;

    (b)  Communicating with any other person than the debtor on more than one occasion;

    (c)  Communicating with any other person than the debtor in connection with the collection of a debt;

    (d)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (e)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (f)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

28.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

29.  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE TCPA

30.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

31.  At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

32.  Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

33.  The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

34.  As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## COUNT III – INVASION OF PRIVACY

35.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant's conduct, including but not limited to continuing to contact Plaintiff in connection to a debt that Plaintiff was not responsible for, constitutes an invasion of privacy.

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outline more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as such other relief, permitted under law.

## COUNT IV – VIOLATIONS OF FCCPA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55 of the FCCPA.

40. Plaintiff is a consumer as contemplated by the FCCPA.

41. The debt is a "consumer debt" as defined by Fla. Stat. § 559.55 of the FCCPA.

42. The above contact between Defendant and Plaintiff was a "communication" relating to a "debt" as defined by Fla. Stat. § 559.55 of the FCCPA.

43. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, violations of Fla. Stat. § 559.72 as evidenced by the following conduct:

    (a) Willfully communicating with a debtor or their family with such frequency as can reasonably be expected to harass the debtor or

    their family, or willfully engaging in conduct that can reasonably be expected to harass the debtor or their family, in violation of Fla. Stat. §559.72(7); and

  (b) Claiming, attempting, or threatening to enforce a debt when the person knows the debt is not legitimate, or asserting the existence of some other legal right when the person knows the right does not exist, in violation of Fla. Stat. §559.72(9).

44. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

46. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be just and proper.

Respectfully Submitted,

Adam J. Knight, Esq.
Florida Bar No. 69400
Attorney for the Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202